1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN W.,<br><br>      Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>      Defendant. | CASE NO. C18-1099-MAT<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

   Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner partially denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further proceedings.

/ / /

/ / /

/ / /

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1957.[1]  He has one year of college education, and has worked as a truck driver, structural fitter, laborer, deckhand engineer, carpenter, and hazardous material handler.  (AR 222, 257, 264.)

Plaintiff applied for SSI and DIB in September 2014.  (AR 202-09.)  Those applications were denied and Plaintiff timely requested a hearing. (AR 129-36, 141-60.)

On October 13, 2016, ALJ Glenn G. Meyers held a hearing, taking testimony from Plaintiff and a vocational expert (VE).  (AR 35-66.)  On May 17, 2017, the ALJ issued a decision finding Plaintiff not disabled before September 30, 2015, but disabled as of that date and thereafter.  (AR 16-27.)  Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review on May 22, 2018 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date, January 27, 2013.  (AR 19.) At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found severe Plaintiff's bilateral knee degenerative joint disease, right ankle degenerative joint

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

disease, depressive disorder, anxiety disorder, and alcohol and substance abuse in remission. (*Id*.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (*Id*.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found that before September 30, 2015, Plaintiff was capable of performing medium work with additional limitations: he could perform unskilled, repetitive, routine tasks in two-hour increments. He must work without uneven surfaces. He was limited to occasional stooping, squatting, crouching, crawling, kneeling, and climbing stairs and ramps. He could not climb ropes, ladders, and scaffolds. He could not balance. He would be absent up to 12 times per year. He would be off task up to 7% of the time at work, but could still meet the minimum production requirement of the job. He cannot work in close proximity to hazardous conditions. (AR 20.) The ALJ found that beginning on September 30, 2015, Plaintiff was capable of performing light work with the same additional limitations listed above. (AR 24.) With those RFC assessments in mind, the ALJ found that Plaintiff was not able to perform any past relevant work since the alleged onset date. (AR 25.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. The ALJ found that before September 30, 2015, Plaintiff could transition to other representative jobs, such as airplane cleaner, advertising material distributor, and janitor. (AR 26.) The ALJ found that beginning on September 30, 2015, Plaintiff could not perform any jobs that exist in significant numbers in the national economy, under the Medical-Vocational Rules. (AR 26-27.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) assessing the opinion of examining psychologist James Czysz, Psy.D., and (2) discounting Plaintiff's subjective symptom testimony.[2] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Dr. Czysz

Dr. Czysz examined Plaintiff in August 2014 and completed a DSHS form opinion describing Plaintiff's symptoms and limitations. (AR 399-404.) The ALJ summarized Dr. Czysz's findings and explained that he gave partial weight to the opinion because: (1) at the time of the examination, Plaintiff had been released from inpatient mental health treatment for one month, and the record shows that Plaintiff's condition improved and stabilized thereafter "despite ongoing situational stressors." (AR 23.)

Plaintiff argues that the ALJ erred in discounting Dr. Czysz's opinion. Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate

---

[2] Plaintiff's opening brief also challenges the ALJ's RFC assessment and step-five findings; these arguments are addressed within the Court's discussion of the prejudice caused by the ALJ's error in assessing Plaintiff's testimony. Dkt. 11 at 2, 14-17.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

reasons' supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

The ALJ's reasons to discount Dr. Czysz's opinion are specific and legitimate, and supported by substantial evidence. Plaintiff contends that it is only logical that his symptoms improved after inpatient treatment, because if they had not, he would not have been discharged. Dkt. 11 at 12-13. This argument misses the ALJ's point: the ALJ was attempting to show that Dr. Czysz's examination took place shortly after Plaintiff had finished inpatient treatment, but before his symptoms stabilized through ongoing treatment. It is reasonably to find that the timing of the examination implies that it is not representative of Plaintiff's functioning throughout the adjudicated period, but instead documents his short-term functioning closely following a time of symptom exacerbation.

Although Plaintiff contends that the ALJ erred in failing to cite any specific evidence indicating that his mental health symptoms improved after his inpatient treatment (Dkt. 11 at 12), the ALJ does explicitly address the evidence related to this finding in the preceding section of the decision. (AR 22-23 (summarizing the evidence related to Plaintiff's mental health complaints).) Thus, it is clear which evidence the ALJ was relying on, and that evidence can be reasonably construed as showing improvement since the time of Plaintiff's inpatient treatment.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

The ALJ also cited evidence of Plaintiff's activities, from which the ALJ concluded that Plaintiff's condition had stabilized. (AR 23.) Specifically, the ALJ cited Plaintiff's ability to spend time with a new friend, exercise at the gym, and read many library books. (*Id*.) These activities are reasonably inconsistent with some of Dr. Czysz's conclusions, such as his opinion that Plaintiff's depression would make it difficult for him to approach new situations or concentrate on tasks at hand. (*See* AR 400.)

Because the ALJ provided specific and legitimate reasons to discount Dr. Czysz's opinion, supported by substantial evidence undermining Dr. Czysz's conclusions, the ALJ's assessment of Dr. Czysz's opinion is affirmed.

<u>Subjective symptom testimony</u>

The ALJ separated his discussion of Plaintiff's subjective allegations into physical and mental symptoms. (AR 21-23.) The ALJ found that Plaintiff's physical allegations were inconsistent with an allegation of disability because examinations showed "mostly normal gait and full strength." (AR 21-22.) The ALJ found that Plaintiff's mental allegations were primarily due to situational stressors (homelessness and financial difficulty) and improved with medication. (AR 22-23.)

An ALJ's reasons for discounting a claimant's subjective allegations must be clear and convincing. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). The ALJ's reasoning meets this standard as to Plaintiff's mental allegations. The ALJ cited evidence linking Plaintiff's symptoms to situational stressors rather than his medically determinable impairments, and also referenced treatment notes showing that Plaintiff's mental symptoms improved with medication and therapy. (AR 22-23.) Courts have held that such reasons are clear and convincing. *See, e.g., Leah S. v. Berryhill*, 2018 WL 6169217, at *4 (D. Or. Nov. 26, 2018) (affirming an ALJ's

characterization of claimant's increased symptoms as attributable to situational stressors); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability.").

The ALJ's reasons for discounting Plaintiff's physical allegations do not pass muster, however. The ALJ posited that Plaintiff's normal gait and strength findings on examination were inconsistent with his allegations, but the records relied upon by the ALJ cannot be characterized as more than a scintilla. The record is replete with references to Plaintiff's use of a cane throughout the adjudicated period. (AR 48, 236, 238, 338, 344, 383, 391, 402, 452, 461, 473, 494, 499, 502, 643, 680, 807, 810, 814, 883, 911, 922, 935.) The ALJ's decision itself refers to Plaintiff's "ongoing use of a cane." (AR 25.) The ALJ cites one finding of "normal gait," which was documented during an appointment addressing incontinence. (AR 21 (citing AR 680).) This one finding does not constitute substantial evidence, particularly when the ALJ failed to mention the vast majority of treatment notes that mention Plaintiff's use of a cane. And although the ALJ mentioned Plaintiff's "ongoing use of a cane" during the time that he was found to be disabled (AR 25), the record shows that Plaintiff also used a cane during the period before the ALJ found him disabled. (AR 236, 238, 338, 344, 383, 391, 452, 461, 473, 494, 499, 502, 643, 680.) Furthermore, the ALJ's references to a few instances where Plaintiff's strength was intact do not contradict Plaintiff's alleged knee swelling or ankle pain, or his need to use a cane. The ALJ failed to provide clear and convincing reasons to discount Plaintiff's alleged limitations caused by his knee swelling and ankle pain, namely his need to use a cane when walking, during the period that he was found to be not disabled.

This error resulted in prejudice to Plaintiff, because the VE testified that if the hypothetical claimant was required to use a cane, he could not perform any of the jobs identified at step five.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

(AR 62-63.)  On remand, the ALJ shall reevaluate the evidence related to Plaintiff's use of a cane and the conditions that caused that restriction, and either provide legally sufficient reasons to discount those allegations, or account for them in the RFC assessment.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this <u>4th</u> day of June, 2019.

Mary Alice Theiler
United States Magistrate Judge